IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD NASH § | | |
| (TDCJ No. 1801411), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:14-cv-747-L-BN |
| § | | |
| WILLIAM STEPHENS, Director § | | (Consolidated With: |
| Texas Department of Criminal Justice, § | | No. 3:14-cv-926-L-BF; |
| Correctional Institutions Division, § | | No. 3:14-cv-4327-L-BF) |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Nash ("Nash"), a Texas prisoner, proceeding *pro se*, has filed three applications for writs of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, all three should be denied.

**Background**

In 2012, Nash pleaded guilty to evading arrest and possession of a controlled substance. *See State v. Nash*, F-1159880-W & F-1159900-W (363rd Jud. Dist. Ct., Dallas Cnty., Tex.). He was sentenced to concurrent terms of five years' incarceration as to the evading arrest conviction and twelve years' incarceration as to the possession conviction. Nash did not file a direct appeal. But he has filed numerous state applications for writs of habeas corpus concerning these convictions and sentences. *See Ex parte Nash*, WR-83,937-01, -02, -03, -04, -05, -06, -07, -08, -09, -10, & -12 (Tex. Crim. App.).

As to the three Section 2254 petitions Nash has filed in this Court – which have been consolidated pursuant to Federal Rule of Civil Procedure 42(a) and Northern District of Texas Local Civil Rule 42.1, *see Nash v. Stephens*, No. 3:14-cv-747-L-BN (N.D. Tex.), Dkt. No. 74 – Nash challenges (1) the voluntariness of his guilty pleas, *see* No. 3:14-cv-747-L-BN, Dkt. No. 3 at 6-9; *Nash v. Stephens*, No. No. 3:14-cv-4327-L-BF (N.D. Tex.), Dkt. No. 3 at 6, and (2) a decision to deny him parole, *see Nash v. Stephens*, No. No. 3:14-cv-926-L-BF (N.D. Tex.), Dkt. No. 3 at 6-7.[1]

The voluntariness of the guilty pleas was addressed in a lengthy affidavit submitted by Nash's state court trial counsel, B. Ward Maedgen, which the state habeas court relied on to recommend that Nash's claim that his guilty pleas were involuntary due to mental illness be denied. *See* No. 3:14-cv-4327-L-BF, Dkt. No. 16-8 at 19-38. And, on July 23, 2014, the Texas Court of Criminal Appeals (the "TCCA") denied Nash's state habeas application without a written order on the findings of the trial court made without a live hearing. *See Ex parte Nash*, WR-83,937-01 (Tex. Crim. App.).

On May 21, 2014, the TCCA denied the parole claim without a written order. *See Ex parte Nash*, WR-83,937-02 (Tex. Crim. App.); *see also* No. 3:14-cv-4327-L-BF, Dkt. No. 16-13 at 28-32 (State's response to this habeas application and trial court's finding that the parole board's "decision is not subject to habeas review").

---

[1] Although the Court consolidated the second- and third-filed cases into the oldest case, Respondent filed the most complete version of the state court record in No. 3:14-cv-4327-L-BF, *see* Dkt. No. 16, and the undersigned will cite to excerpts from that filing where necessary.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule

application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not

unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## Analysis

### I. Timeliness

Nash's challenges to his guilty pleas appear to be untimely. The first Section 2254 petition was filed sometime in February 2014. *See* Dkt. No. 3 at 18 (although the Court docketed the application on February 26, 2014, Nash states that he signed it on February 14, 2014). Because Nash did not file a direct appeal, his July 23, 2012 convictions became final 30 days later, on August 22, 2012. *See* TEX. R. APP. P. 26.2. Therefore, the one-year limitations period for federal habeas proceedings under Section 2254, established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), expired on August 22, 2013. *See* 28 U.S.C. § 2254(d)(1)(A). The limitations period was not tolled by Nash's filing of state habeas petitions because the first such petition was not filed until July 29, 2013, *see* No. 3:14-cv-4327-L-BF, Dkt. No. 16-13 at 28, after the limitations period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

While the AEDPA's limitations period is subject to equitable tolling in rare and exceptional circumstances, *see Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998),

"[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit." *Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)); *cf. Aron v. United States*, 291 F.3d 708, 717-18 (11th Cir. 2002) (Ed Carnes, J., concurring) ("[A] district court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds. Sometimes it will be easier for a court to deny relief on the merits than to figure out the issues relating to the statute of limitations. Nothing in the statute prohibits a court from proceeding in that way[.]"). Therefore, here, the Court should address the fairly straightforward claims Nash presents on their merits rather than wade through Nash's voluminous – and often incomprehensible – filings in this Court asserting that the limitations period should be tolled due to his alleged mental illness.

## II.  Guilty Pleas

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises,

misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n. 1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Nash's written plea admonishments [No. 3:14-cv-4327-L-BF, Dkt. No. 16-9 at 34-39 (as to evading arrest) and No. 3:14-cv-4327-L-BF, Dkt. No. 16-13 at 42-47 (as to possession of a controlled substance)] advised him of the charges against him and the ranges of punishment. The state court reviewed the consequences of the admonishment, including the charges and ranges of punishment; confirmed that Nash was pleading guilty because he was guilty and not due to promises or threats; and obtained Nash's acknowledgment that, by pleading guilty, he was waiving his right to a jury trial and cross-examination of witnesses as to the issue of his guilt. *See id.*

These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great

evidentiary weight").

Furthermore, this Court has before it the state habeas court's prior adjudication as to the voluntariness of Nash's guilty plea. *See* No. 3:14-cv-4327-L-BF, Dkt. No. 16-8 at 19-38 (finding among other things that Nash "does not establish that he did not know his conduct was wrong but only makes an assertion of such" and that "counsel had no difficulty discussing the case with [Nash]").

Nash has not overcome the strong presumption of verity that attached to his prior representations, and he has not shown that the prior adjudication of this issue is contrary to established federal law or unreasonable in light of the facts of his case. The Court therefore should deny Nash's claims that his guilty pleas were not entered voluntarily, knowingly, and intelligently.

## III. Parole

Nash also challenges the March 28, 2013 decision of the Parole Board, denying him release.

A petitioner must claim a violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). And it is well settled that there is no constitutional right to conditional release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

In Texas, parole means the discretionary and conditional release of an eligible prisoner. *See* TEX. GOV'T CODE § 508.001(6). Texas inmates, then, have no constitutionally protected right to parole, because the relevant Texas statutes do not

create an expectation of release that would implicate due process considerations. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Any such release is entirely speculative. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Because Nash has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures applied or factors considered by the Board to reach its decision. *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Allison*, 66 F.3d at 74; *Orellana*, 65 F.3d at 32. Since Nash has failed to allege a due process right that has been violated by the denial of parole, he cannot establish that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

**Recommendation**

Nash's applications for writs of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 5, 2015

                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE